UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 2 2 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JEFFREY COPLIN,           )
                          )
        Petitioner,       )
                          )
v.                        )   Civil Action No. 09 0744
                          )
BRUCE PEARSON, *et al.*,  )
                          )
        Respondents.      )

### MEMORANDUM OPINION

This matter is before the Court on petitioner's petition for a writ of habeas corpus and application to proceed *in forma pauperis*.

In the United States District Court for the Eastern District of Pennsylvania, petitioner was convicted of two counts of possession with intent to distribute 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and two counts of distribution of cocaine within 1,000 feet of a public playground in violation of 21 U.S.C. § 860. Compl. at 1.[1] That court imposed concurrent sentences on all counts on December 18, 2002. *Id.* According to petitioner, "the judgment and commitment order is null and void because [the] [d]istrict [c]ourt did not have subject-matter jurisdiction to prosecute, convict or sentence the plaintiff," and, therefore, his "imprisonment violates the United States Constitution." *Id.* at 2.

Challenges to the jurisdiction of the federal court imposing sentence and attacks on the constitutionality of a federal prisoner's conviction must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. See Ojo v. Immigration & Naturalization Serv.,106 F.3d 680,

---

[1] References to the complaint ("Compl.") in this Memorandum Opinion are references to the typewritten statement attached to the preprinted form submitted by petitioner.

1

683 (5th Cir. 1997); <u>Taylor v. United States Board of Parole</u>, 194 F.2d 882, 883 (D.C. Cir. 1952).

Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255 (emphasis added). Moreover, the ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

The Court therefore will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion is issued separately on this same date.

/s/
United States District Judge

Date: April 15, 2009